12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 01 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| John Peter, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-076 |
| | § | |
| Marine Military Academy, Inc., | § | |
| | § | |
| Defendant. | § | |

### ORDER

BE IT REMEMBERED, that on May 30, 2000, the Court considered the Plaintiffs' Emergency Motion to Remand [Dkt. No. 5] and the Defendants' Motion to Transfer Civil Action pursuant to Mandatory Provisions of 28 U.S.C. § 157(b)(5) filed by Debtor/Defendant Marine Military Academy, Inc. [Dkt. No. 2]. The Court made the following rulings at today's hearing in this matter:

(1) The Plaintiffs' Emergency Motion to Remand [Dkt. No. 5] is **STAYED** because 28 U.S.C. § 157(b)(5) divests the Court of jurisdiction to decide the motion. The Court interprets the plain language of 28 U.S.C. § 157(b)(5) to vest in the United States District Court for the District of Arizona the jurisdiction to decide whether the Plaintiffs' case will be transferred to the United States District Court for the District of Arizona, remanded to the 197th Judicial District Court of Cameron County, or heard by this Court. The Court will revisit its stay of the Plaintiffs' Emergency Motion to Remand [Dkt. No. 5] if the United States District Court for the District of Arizona and/or the United States Bankruptcy Court for the District of Arizona issues a written order stating that it will confer its power to decide whether discretionary abstention under 28 U.S.C. § 1334(c) is warranted to the province of this Court;

(2) The Plaintiffs are **ORDERED** provide a copy of this order to the United States Bankruptcy Court for the District of Arizona;

(3) The Plaintiffs are **ORDERED** to notify this Court of any relevant ruling(s) made by the Bankruptcy or District Court for the District of Arizona within three business days; and,

(4) The Court **RULED** that it has no jurisdiction to consider the Defendants' Motion to Transfer Civil Action pursuant to Mandatory Provisions of 28 U.S.C. § 157(b)(5) Filed by Debtor/Defendant Marine Military Academy, Inc. [Dkt. No. 2].

DONE at Brownsville, Texas, this 30th day of May 2000.

_____
Hilda G. Tagle
United States District Judge